■ In the Matter of MICHAEL. CATHOLIC HOME BUREAU FOR DEPENDENT CHILDREN et al., Appellants; MICHAEL S., Respondent. [707 NYS2d 683] —In an adoption proceeding pursuant to Domestic Relations Law article 7, the petitioners and the Law Guardian for the child separately appeal from an order of the Family Court, Kings County (Segal, J.), dated December 16, 1999, which after a hearing, denied the petition and awarded custody of the subject child to the father.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for further proceedings on the petition for adoption in accordance herewith, without the need for consent by the father.

The Family Court erred in determining that the consent of the biological father Michael S. to the adoption of the subject child was necessary. The record fails to support a finding that Michael S. took adequate and reasonably prompt steps to establish his legal responsibility for the subject child. As the Court of Appeals has noted, "the biological father not only must assert his interest promptly * * * but also must manifest his ability and willingness to assume custody of the child" (*Matter of Raquel Marie X.,* 76 NY2d 387, 402, *cert denied sub nom. Robert C. v Miguel T.,* 498 US 984). The trial testimony of both Michael S. and the biological mother, Kim T., demonstrates that throughout her pregnancy Kim repeatedly expressed her intention to give the child up for adoption. Significantly, while Michael S. told her on occasion that he did not approve of her decision, he took no legal action during this period to establish his paternity, even though such proceedings may be maintained during the mother's pregnancy (*see,* Family Ct Act § 517; *Matter of Raquel Marie X.,* 173 AD2d 709, 711). Additionally, Michael S.'s professed desire to establish his legal responsibility for the child is further belied by his actions subsequent to the birth of the child in January 1998. Indeed, he took no steps to establish paternity or to obtain custody until five months after the birth.

The record is equivocal regarding Michael S.'s public acknowledgement of paternity. At trial, he testified that beginning shortly after the child's birth he tried to enlist his parents' help in obtaining custody. His mother, however, testified that she was unaware that the child had been born or had been placed for adoption until several months after each occurrence. There are also discrepancies in the record concerning the people he allegedly told about the pregnancy (*see, Matter of Raquel Marie X., supra,* at 713).

There is also no evidence that Michael S. made a financial contribution to the mother and child.

The evidence regarding Michael S.'s attempt to establish legal responsibility for the child, his public acknowledgement of paternity, and his financial contributions to pregnancy and birth expenses fails to demonstrate that Michael S. is "a father who [had] promptly taken every available avenue to demonstrate that he is willing and able to enter into the fullest possible relationship with his under-sixth-month-old child" (*Matter of Raquel Marie X., supra,* at 403).

Accordingly, we reverse and remit the matter to the Family Court, Kings County, for a prompt hearing and resolution of the adoption petition, without the need for Michael S. to consent to the adoption. O'Brien, J. P., Joy, Luciano and Schmidt, JJ., concur.